IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DEMETRICE HERRON, | No. 4:23-CV-01996 |
| Plaintiff, | (Chief Judge Brann) |
| v. | |
| KASEY HARRIS, *et al.*, | |
| Defendants. | |

MEMORANDUM OPINION

JUNE 14, 2024

Plaintiff Demetrice Herron filed the instant *pro se* Section 1983[1] action in late 2023, alleging constitutionally deficient medical care at the State Correctional Institution in Frackville, Pennsylvania (SCI Frackville). Presently before the Court is Defendants' motion to dismiss Herron's complaint. For the reasons that follow, the Court will grant in part and deny in part Defendants' motion.

I.   BACKGROUND

Herron initiated this case in December 2023.[2] His complaint is straightforward and succinct. He alleges that he was diagnosed with obstructive sleep apnea in July 2022 following a sleep study, and that on August 19, 2022, "the

---

[1] 42 U.S.C. § 1983. Section 1983 creates a private cause of action to redress constitutional wrongs committed by state officials. The statute is not a source of substantive rights; it serves as a mechanism for vindicating rights otherwise protected by federal law. *See Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002).

[2] *See generally* Doc. 1.

prison" ordered a continuous positive airway pressure (CPAP) machine to treat this disorder.[3]  Herron recounts that, in September 2022, he went to "treatment line" and asked a nurse about the results of his sleep study, and she informed him that the study was positive and that a CPAP machine had been ordered.[4]

Herron, however, did not receive the CPAP machine until April 28, 2023—by his count, 252 days later.[5]  He alleges that Kacie[6] Harris, a "supervisor" employed by Wellpath, LLC, was responsible for the extensive delay in receiving the CPAP machine.[7]  He further contends that this medical device may have been unlawfully withheld from him because he was housed in the Restricted Housing Unit (RHU) from December 17, 2022, to March 16, 2023.[8]  According to Herron, he sent multiple follow-up requests to Harris about the status of his CPAP machine without receiving a response or the machine.[9]

Herron asserts an Eighth Amendment claim of deliberate indifference to serious medical needs against Harris and Wellpath.[10]  He seeks monetary damages

---

[3]  *Id.* at 3.
[4]  *Id.*
[5]  *Id.* at 4-5.
[6]  Although Herron spells Harris's first name as "Kasey," Defendants note that Harris's first name is actually spelled "Kacie."  *See* Doc. 11 at 1.  The Court will use the correct spelling of Defendant's first name.
[7]  Doc. 1 at 3-5.
[8]  *Id.* at 4.  Herron posits that "[i]f in fact the CPAP machine was available [in January 2023] and was withheld from me due to my housing status, this is a clear violation of my Eighth Amendment rights."  *Id.*
[9]  *Id.* at 3.
[10]  *See id.* at 2, 6.

in the amount of $252,000.[11]  Defendants move to dismiss Herron's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).[12]  That motion is fully briefed and ripe for disposition.

## II.     STANDARD OF REVIEW

In deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), courts should not inquire "whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims."[13]  The court must accept as true the factual allegations in the complaint and draw all reasonable inferences from them in the light most favorable to the plaintiff.[14]  In addition to the facts alleged on the face of the complaint, the court may also consider "exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents" attached to a defendant's motion to dismiss if the plaintiff's claims are based upon these documents.[15]

When the sufficiency of a complaint is challenged, the court must conduct a three-step inquiry.[16]  At step one, the court must "tak[e] note of the elements [the]

---

[11]  *Id.* at 5.
[12]  Doc. 11.
[13]  *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *see Nami v. Fauver*, 82 F.3d 63, 66 (3d Cir. 1996).
[14]  *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008).
[15]  *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010) (citing *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993)).
[16]  *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (internal citations and quotation marks omitted) (footnote omitted).

plaintiff must plead to state a claim."[17]  Second, the court should distinguish well-pleaded factual allegations—which must be taken as true—from mere legal conclusions, which "are not entitled to the assumption of truth" and may be disregarded.[18]  Finally, the court must review the presumed-truthful allegations "and then determine whether they plausibly give rise to an entitlement to relief."[19]  Deciding plausibility is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[20]

Because Herron proceeds *pro se*, his pleadings are to be liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]"[21]  This is particularly true when the *pro se* litigant, like Herron, is incarcerated.[22]

### III.  DISCUSSION

Defendants challenge the sufficiency of Herron's claims on multiple fronts.  They contend, among other things, that Herron fails to state a claim for relief against either Defendant and that he failed to exhaust his administrative remedies against Wellpath.  The Court finds that most of Defendants' arguments exceed the

---

[17]  *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009) (alterations in original)).
[18]  *Id.* (quoting *Iqbal*, 556 U.S. at 679).
[19]  *Id.* (quoting *Iqbal*, 556 U.S. at 679).
[20]  *Iqbal*, 556 U.S. at 681.
[21]  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted).
[22]  *Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020) (citation omitted).

permissible scope of a Rule 12(b)(6) challenge and will therefore grant in part and deny in part Defendants' motion to dismiss.

### A. "Person" for Section 1983

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by *a person* acting under color of state law."[23] Only "persons" are subject to suit under Section 1983, and entities such as prisons, medical departments, or private medical companies generally do not qualify as "persons" for purposes of Section 1983.[24]

Under this well-settled law, any Section 1983 claim against defendant Wellpath, LLC must be dismissed, as Wellpath is not a person subject to Section 1983 liability. Moreover, Herron does not allege an unconstitutional policy or custom by Wellpath such that a Section 1983 suit could be maintained against it through its connection with the government.[25] He merely asserts, in a single

---

[23] *Rehberg v. Paulk*, 566 U.S. 356, 361 (2012) (emphasis added) (citing *Imbler v. Pachtman*, 424 U.S. 409, 417 (1976) (citing 42 U.S.C. § 1983)).

[24] *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64-65, 71 (1989); *Slagle v. County of Clarion*, 435 F.3d 262, 264 n.3 (3d Cir. 2006) (affirming on other grounds and observing that district court properly "dismissed Clarion County Jail as a defendant in this case," quoting district court's reasoning that "'it is well established in the Third Circuit that a prison is not a "person" subject to suit under federal civil rights laws'"); *Stankowski v. Farley*, 487 F. Supp. 2d 543, 554 (M.D. Pa. 2007) (finding that PrimeCare is not a "person for purposes of Section 1983" and thus not subject to liability under that statute); *see also Fischer v. Cahill*, 474 F.2d 991, 992 (3d Cir. 1973) (holding that "New Jersey Prison Medical Department" was a state agency and not a "person" under Section 1983).

[25] *See, e.g.*, *Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 583-84 (3d Cir. 2003).

sentence, that his injuries and suffering were "due to the inadequate medical treatment of Wellpath and it[]s employee[]s."[26] This type of broad, generic allegation against a private medical company does not identify an unconstitutional policy or custom implemented by Wellpath or otherwise state a claim for relief. Any Section 1983 claim against Wellpath, therefore, must be dismissed pursuant to Rule 12(b)(6).

### B.    Eighth Amendment Medical Indifference

In the context of prison medical care, the Eighth Amendment "requires prison officials to provide basic medical treatment to those whom it has incarcerated."[27] To state an Eighth Amendment deliberate indifference claim regarding inadequate medical care, a plaintiff must plausibly allege that "(1) he had a serious medical need, (2) the defendants were deliberately indifferent to that need; and (3) the deliberate indifference caused harm to the plaintiff."[28] A serious medical need is "one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention."[29]

---

[26] Doc. 1 at 5.
[27] *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999).
[28] *Durham v. Kelley*, 82 F.4th 217, 229 (3d Cir. 2023) (citation omitted); *see also Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 582 (3d Cir. 2003).
[29] *Monmouth Cnty. Corr. Inst. Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987).

Deliberate indifference by prison officials may be evidenced by intentional refusal to provide care known to be medically necessary, delayed provision of medical treatment for non-medical reasons, denial of prescribed medical treatment, or denial of reasonable requests for treatment resulting in suffering or risk of injury.[30]  Deliberate indifference to serious medical needs is an exacting standard, requiring a showing of "unnecessary and wanton infliction of pain."[31]  Claims sounding in mere medical negligence will not suffice.[32]

Herron's medical indifference claim against Harris survives Rule 12(b)(6) scrutiny.  He alleges that he was diagnosed with a serious medical condition (obstructive sleep apnea) and that Harris knowingly delayed necessary medical care by failing to provide him with a CPAP machine for approximately eight months.  He also asserts that he may have been denied the CPAP machine for several months due to his placement in the RHU.  These allegations, taken as true, suffice to state an Eighth Amendment claim of deliberate indifference to serious medical needs.

Defendants primarily point to documents and records outside the pleadings showing that Harris was not deliberately indifferent to Herron's medical needs and that circumstances beyond her control affected the acquisition of the CPAP

---

[30] *See Durmer v. O'Carroll*, 991 F.2d 64, 68 & n.11 (3d Cir. 1993) (quoting *Lanzaro*, 834 F.2d at 346).
[31] *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (citation omitted).
[32] *Rouse*, 182 F.3d at 197.

machine.[33]  This type of argument, however, is improper at the motion-to-dismiss stage and is more appropriately asserted in a motion for summary judgment under Federal Rule of Civil Procedure 56.  The same reasoning applies to Defendants' contention that Herron failed to exhaust administrative remedies against Wellpath.  This affirmative defense, proof of which will necessarily require evidence beyond Herron's complaint, is more properly suited to a Rule 56 challenge.[34]

### C. Leave to Amend

Generally, "*in forma pauperis* plaintiffs who file complaints subject to dismissal under Rule 12(b)(6) should receive leave to amend unless amendment would be inequitable or futile."[35]  Normally, the Court would provide Herron the option of filing an amended complaint against Wellpath and Harris or proceeding only on his Eighth Amendment claim against Harris.  However, Herron has already provided a proposed amended pleading[36] in response to Defendants' Rule 12(b)(6) motion.  That "amended statement of claim" does not fix the material deficiencies regarding his Section 1983 claim against Wellpath.  Specifically, Herron once again fails to allege any type of unconstitutional policy or custom that could be attributed to Wellpath, even after being apprised of the law surrounding this

---

[33] *See* Doc. 13 at 13-14, 16, 17; Doc. 13-1; Doc. 25; Doc. 25-1.
[34] *See* FED. R. CIV. P. 12(d) ("If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56.").
[35] *Grayson*, 293 F.3d at 114.
[36] Doc. 23.

issue.[37]  Consequently, this case will proceed only as to Herron's Eighth Amendment medical indifference claim against defendant Kacie Harris.  Any claim against Wellpath will be dismissed with prejudice.

## IV. CONCLUSION

Based on the foregoing, the Court will grant in part and deny in part Defendants' motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).  An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge

---

[37] *See* Doc. 13 at 19-24.